# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MICHAEL MORRISON,<br><br>                       Plaintiff,<br>v.<br><br>JOE A. LIZARRAGA,<br><br>                       Defendant. | Case No.: 18cv1857 MMA (JLB)<br><br>**NOTICE REGARDING POSSIBLE DISMISSAL OF PETITION FOR FAILURE TO EXHAUST STATE COURT REMEDIES** |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has not alleged exhaustion as to one of his claims. (*See* Pet., ECF No. 1 at 9.) Having preliminarily determined the petition contains an unexhausted claim, the Court notifies Petitioner of the possible dismissal of his petition.

The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings.[1] *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal

---

[1] 28 U.S.C. § 2254 (b)(1)-(2) states:
    (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
        (A) the applicant has exhausted the remedies available in the courts of the State; or
        (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
    (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State.

1

proceedings must be the same as that raised in the state proceedings. *See id*. Here, Petitioner has indicated in his Petition that claim two has not been presented to the California Supreme Court and therefore the claim appears to be unexhausted.

## PETITIONER'S OPTIONS

To avoid the Court dismissing the petition on its own accord, Petitioner may choose one of the following options.

### i) First Option: Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claim the Court has determined are likely unexhausted. If Petitioner chooses this option, his papers are due no later than **October 15, 2018**. Respondent may file a reply by **November 15, 2018**.

### ii) Second Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claim. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this second option, he must file a pleading with this Court no later than **October 15, 2018**. Respondent may file a reply by **November 15, 2018**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C.

///
///

2

§ 2244(d).[2] The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended* 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181-82.

### iii) Third Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claim and proceed with his exhausted one. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than

---

[2] 28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**October 15, 2018**. Respondent may file a reply by **November 15, 2018**.

Petitioner is cautioned that once he abandons his unexhausted claim, he may lose the ability to ever raise it in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim. *Rhines v. Webber*, 544 U.S. 269 (2005); *Jackson v. Roe*, 425 F.3d 654 (9th Cir. Sept. 23, 2005). Petitioner is notified that in order for the Court to grant a stay and abeyance, he must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claims, and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines*, 544 U.S. at 277-78. If Petitioner chooses this fourth option, he must file a pleading with this Court no later than **October 15, 2018**. Respondent may file a reply by **November 15, 2018**.

### CONCLUSION

The Court NOTIFIES PETITIONER THAT HE HAS FILED A PETITION THAT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS AND IT IS THEREFORE SUBJECT TO DISMISSAL. If Petitioner fails to respond to this Order, the Court will recommend to the District Judge assigned to this case that the Petition be dismissed without prejudice. *See Rose*, 455 U.S. at 522.

**IT IS SO ORDERED.**

Dated: August 13, 2018

Hon. Jill L. Burkhardt
United States Magistrate Judge