# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MICHAEL MORRISON,<br><br>Petitioner,<br><br>v.<br><br>JOE A. LIZARRAGA, Warden, et al.,<br><br>Respondents. | Case No.: 18-cv-01857-MMA (JLB)<br><br>**REPORT AND RECOMMENDATION RE: PETITIONER'S MOTION FOR STAY AND ABEYANCE**<br><br>**[ECF No. 4]** |

This Report and Recommendation is submitted to the Honorable Michael M. Anello, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(d) of the United States District Court for the Southern District of California.

On August 8, 2018, Petitioner Ryan Michael Morrison ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the "Petition") before this Court pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Thereafter, Petitioner filed a motion for stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (ECF No. 4.) Respondents had until November 15, 2018 to file a response to Petitioner's motion and they did not do so. (*See* ECF No. 2 at 4.)

///

///

The Court has carefully considered Petitioner's motion as well as the record as a whole. Based thereon, and for the reasons set forth below, the Court **RECOMMENDS** that Petitioner's motion for stay and abeyance be **DENIED WITHOUT PREJUDICE.**

## I. BACKGROUND

On December 18, 2015, Petitioner was sentenced to twenty-five years to life, plus five years, following conviction in San Diego County Superior Court for first degree burglary of an inhabited dwelling, possession of methamphetamine, and possession of heroin. (ECF No. 1 at 1-2.) Petitioner appealed his conviction to the California Court of Appeal. (*Id.* at 2.) In his appeal, Petitioner raised four claims, including two raised in this Petition: (1) the trial court erred in not dismissing one of his prior strike convictions; and (2) Petitioner's due process rights were violated when he received a sentence after trial which was significantly harsher than his pre-trial offer. (*Id.* at 2, 6-13.) On April 27, 2017, the California Court of Appeal affirmed the judgment. (*Id.* at 2.)

Petitioner then filed a petition for review in the California Supreme Court seeking review of the same issues that he raised before the Court of Appeal. (*Id.*) The California Supreme Court affirmed Petitioner's judgment of guilt on August 9, 2017. (*Id.*) Petitioner did not file a writ of certiorari in the United States Supreme Court. (*Id.* at 3.)

On August 8, 2018, Petitioner filed the present Petition. (ECF No. 1.) In his Petition, Petitioner claims his constitutional rights were violated in the following ways: (1) the trial court erred in not dismissing one of his prior strike convictions (Claim One); (2) Petitioner's trial counsel was ineffective for failing to provide an adequate expert witness (Claim Two); and (3) Petitioner's due process rights were violated when he received a sentence after trial which was significantly harsher than his pre-trial offer (Claim Three). (*Id.* at 6-13.)

In his Petition, Petitioner alleged exhaustion as to Claims One and Three. (*See id.* at 2, 6, 12.) However, Petitioner did not allege exhaustion as to Claim Two, his ineffective assistance of trial counsel claim. (*See id.* at 9.) Therefore, on August 13, 2018, the Court issued a Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court

Remedies (the "Notice"), informing Petitioner of several options with respect to his mixed petition. (ECF No. 2.) The Notice informed Petitioner that his Petition was subject to dismissal because it contained unexhausted claims. (*Id.*) Petitioner elected to file a motion for stay and abeyance under *Rhines*. (*See id.* at 4; ECF No. 4.) Petitioner constructively filed the present motion on October 14, 2018. (ECF No. 4.) Respondents had until November 15, 2018 to file a response to Petitioner's motion and they did not do so. (*See* ECF No. 2 at 4.)

## II. LEGAL STANDARD

Habeas petitioners who wish to challenge either their state court conviction, or the length of their confinement, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *see also Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir. 2003). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34; *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999). Federal courts cannot consider petitions that contain both exhausted and unexhausted claims, often referred to as "mixed" petitions. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding a district court must dismiss a federal habeas petition containing both unexhausted and exhausted claims). The filing of a mixed petition renders it subject to dismissal. *Id.*

In *Rhines*, the Supreme Court carved out "limited circumstances" in which it is within the district court's discretion to grant a stay of a mixed petition and hold it in abeyance to allow the petitioner to return to state court and present his unexhausted claims. *Id.* at 277; *see also Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014). A stay and abeyance is appropriate when the petitioner demonstrates "good cause" for his failure to exhaust his claims in state court, where his claims are not plainly meritless, and where he has not engaged in "abusive litigation tactics." *Dixon v. Baker*, 847 F.3d 714, 720 (9th Cir. 2017) (citing *Rhines*, 544 U.S. at 278); *see also King v. Ryan*, 564 F.3d 1133, 1139 (9th Cir. 2009).

## III. DISCUSSION

### A. Stay under *Rhines*

#### 1. <u>Good Cause</u>

##### a. *Legal Standard*

"The good cause element is the equitable component of the *Rhines* test. It ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court." *Blake*, 745 F.3d at 982. "The caselaw concerning what constitutes 'good cause' under *Rhines* has not been developed in great detail." *Dixon*, 847 F.3d at 720; *see also Blake* 745 F.3d at 980 ("There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust."). Good cause under *Rhines* does not require a showing of "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). However, a "bald assertion" of facts "cannot amount to a showing of good cause." *Blake*, 745 F.3d at 982. "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust]." *Id.* (citation and footnote omitted). The Ninth Circuit has instructed courts to "interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'" *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (citing *Jackson*, 425 F.3d at 661).

##### b. *Petitioner's Argument*

In his motion, Petitioner contends that he has met the good cause requirement under *Rhines*. (ECF No. 4 at 3-10, 15-24.) Primarily, Petitioner relies on the argument that he "has absolutely no 'exposure to legal research and' literally no understanding of the basic principles or elements of 'prisoner rights law.'" (*Id.* at 4.) Therefore, after Petitioner received the records from his appellate counsel in early September 2017, he sought the services of a prison law clerk or "jailhouse lawyer" to assist him. (*Id.*) Petitioner contends that the jailhouse lawyer he relied on to draft the instant Petition "made critical procedural mistakes." (*See id.* at 4-5, 19-20.) Petitioner states that the person he relied on "may be

able to 'write coherent English' but he does not have 'some modicum of exposure to legal research' or he would have known about or easily discovered the well established federal law on exhaustion of state remedies." (*Id.* at 10.)[1]

Petitioner also contends that the law library provided by the California Department of Corrections and Rehabilitation ("CDCR") is insufficient. (*Id.* at 6.) Petitioner states that CDCR "rel[ies] exclusively on providing complex legal texts and treaties and completely ignore[s] the actual legal needs of it[s] population." (*Id.*) Petitioner contends that federal courts have not consistently agreed on whether CDCR's decision to provide a law library is sufficient to comport with its constitutional mandate to provide prisoners with access to the Courts and suggests that more is required. (*Id.* at 4-6.)

        c.    *Analysis*

The Court finds that Petitioner has not set forth a reasonable excuse, supported by sufficient evidence, to support a finding of good cause for his failure to exhaust. *See Blake*, 745 F.3d at 982. Petitioner was represented on direct appeal and "received the records from his direct appeal in early September 2017," which was approximately one month after the California Supreme Court affirmed Petitioner's judgment of guilt. (*See* ECF Nos. 1 at 2, 14; 4 at 7.) In the instant Petition, under the heading of "Collateral Review in State Court," Petitioner's response to the question of why he did not file a Petition for Writ of Habeas Corpus in state court with respect to his ineffective assistance of trial counsel claim was, "Appellate counsel felt this was better left to a habeas for ineffective assistance instead of the appeal." (ECF No. 1 at 3-5.)

---

[1] Petitioner attached a declaration to his motion from the inmate, Mr. Sandstrom, who drafted the instant Petition. (*See* ECF No. 4 at 19-20.) Mr. Sandstrom stated that he "heard [Petitioner] needed help with a federal habeas corpus petition and told him I was willing to help him." (*Id.* at 19.) Based on this representation and Petitioner's arguments, it would seem that Petitioner did not seek help in filing a state habeas petition and did not intend to file a state habeas petition prior to filing the instant Petition.

5

18-cv-01857-MMA (JLB)

As such, Petitioner was informed by his appellate counsel that there was a potential ineffective assistance of trial counsel claim that was better raised in a habeas petition than in a direct appeal in state court, but he did not raise it in a state habeas petition. Petitioner does not explain why he failed to file a state habeas petition raising the ineffective assistance of counsel claim.[2] *See Frluckaj v. Small*, No. ED CV 08-1019-MMM(E), 2009 WL 393776, at *5-6 (C.D. Cal. Feb. 17, 2009) (finding that where a petitioner was aware of a particular claim and could have presented it to California state courts before filing a federal habeas petition, the petitioner had not shown "good cause" under *Rhines*); *cf. Bucci v. Busby*, No. 2:11-cv-3147 GEB KJN P, 2012 WL 868982, at *10 (E.D. Cal. Mar. 13, 2012) (finding good cause where the factual basis of an unexhausted claim was "discovered well after petitioner had been convicted" and was thus "not known at the time petitioner filed his first round of state habeas petitions"), *adopted by* No. 2:11-cv-3147 GEB KJN P, 2012 WL 13048944 (E.D. Cal. Apr. 30, 2012).[3]

Petitioner's reliance on allegedly inadequate legal resources and his lack of legal knowledge to establish good cause for his failure to exhaust is insufficient. *See Avalos v.*

---

[2] Petitioner does not contend that his appellate counsel was ineffective for failing to raise the claim on direct appeal. In California, claims of ineffective assistance of trial counsel may be raised either on direct appeal or in a petition for habeas corpus before the state courts, but are generally raised in a state petition for writ of habeas corpus because they are based on matters outside the record on appeal. *See People v. Salcido*, 44 Cal. 4th 93, 172 (2008), as modified (Aug. 27, 2008).

[3] Unlike the petitioner in *Bucci*, Petitioner here was aware of the factual basis of his ineffective assistance of counsel claim at the time of trial. In Claim Two, Petitioner alleges that his trial counsel was ineffective for failing to provide an adequate expert witness at trial. (ECF No. 1 at 10.) Petitioner alleges that "[t]rial counsel was aware of defendant's 'bizarre behavior' at the time of the burglary but failed to provide an experienced and licensed expert witness to help the jury understand the intent that must be proven." (*Id.*) Petitioner alleges that a video was shown to the jury showing his "bizarre behavior." (*Id.*) Petitioner was present during his trial, and therefore Petitioner was aware at that time of the factual basis for his ineffective assistance of trial counsel claim.

*Sherman*, No. CV 17-7948-ODW (JPR), 2018 WL 5304855, at *5 (C.D. Cal. Sept. 10, 2018) ("Ignorance of the law does not constitute 'good cause' for a *Rhines* stay."), *adopted by* No. CV 17-7948-ODW (JPR), 2018 WL 5304777 (C.D. Cal. Oct. 24, 2018); *Davis v. Biter*, No. 12-CV-3001-BEN-BLM, 2014 WL 2894975, at *8 (S.D. Cal. June 25, 2014) ("Limited education, lack of legal assistance, and routine restrictions on law library access are not sufficient to establish good cause under *Rhines*."). "[T]he commonplace circumstances of being a *pro se* petitioner with little education do not amount to good cause." *Hernandez v. California*, No. C 08-4085 SI (PR), 2010 WL 1854416, at *2 (N.D. Cal. May 6, 2010); *see also Hamilton v. Clark*, No. CIV S-08-1008 EFB P, 2010 WL 530111, at *2 (E.D. Cal. Feb. 9, 2010) ("Ignorance of the law and limited access to a law library are common among [*pro se*] prisoners and do not constitute good cause for failure to exhaust.").

To the extent that Petitioner is implicitly making a more general argument that his *pro se* status in itself constitutes good cause, such an argument also fails. The Ninth Circuit, in *Dixon*, found that a petitioner who *filed* a state habeas petition and failed to include all of the claims he later brought in a federal habeas petition had satisfied the good cause prong of the *Rhines* test by virtue of his *pro se* status. *Dixon*, 847 F.3d at 721. A petitioner who appeared *pro se* in state postconviction proceedings has good cause for failure to exhaust because he could not be expected to "understand the technical requirements of exhaustion." *See Stacy v. Gastelo*, No. CV 17-5482-RGK (JPR), 2018 WL 1750622, at *2 (C.D. Cal. Feb. 20, 2018) (citing *Dixon*, 847 F.3d at 721), *adopted by* No. CV 17-5482-RGK (JPR), 2018 WL 1750554 (C.D. Cal. Apr. 10, 2018). However, district courts in this Circuit have interpreted *Rhines* as not necessarily extending to those *pro se* litigants who filed no state court habeas petition at all. "*Dixon* does not apply and good cause is lacking when a [*pro se*] petitioner has not filed any relevant state habeas petitions, particularly when there is evidence that the petitioner has not been expeditious in seeking relief." *Id.* (finding no good cause for a *Rhines* stay where the petitioner did not file any habeas petition in state court and his filings did not supply an explanation for not

diligently pursuing his state remedies); *see also Sangurima v. Montgomery*, No. 2:17-cv-05022-PSG-KES, 2017 WL 7371168, at *7-8 (C.D. Cal. Dec. 12, 2017) (finding no good cause for a *Rhines* stay where petitioner had not filed any state habeas petition and moved for a stay only in response to federal order to show cause), *adopted by* No. 2:17-cv-05022-PSG-KES, 2018 WL 740894 (C.D. Cal. Feb. 5, 2018).

As set forth above, Petitioner was not expeditious in seeking relief after he received the records from his appellate counsel in early September 2017. Petitioner did not file any state habeas petition, despite being informed by appellate counsel that his direct appeal did not include his claim for ineffective assistance of trial counsel because that claim "was better left to a habeas." (ECF No. 1 at 5.) Moreover, the federal form petition utilized and signed by Petitioner advised him of the requirement that "[i]n order to proceed in federal court you must ordinarily first exhaust your state court remedies by presenting your claims to the California Supreme Court." (*Id.* at 5.) The petition further advised Petitioner that "[e]ven if you have exhausted some grounds by raising them before the California Supreme Court, you must first present **all** grounds to the California Supreme Court before raising them in your federal Petition." (*Id.* (emphasis in original).) In addition, the Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies issued by the Court on August 13, 2018 further advised Petitioner of the exhaustion requirement. (ECF No. 2.) Only after the Notice Regarding Possible Dismissal was sent to Petitioner did Petitioner move for a stay and abeyance, and in his motion, dated October 14, 2018, Petitioner advised the Court that he still had not filed a state habeas petition to exhaust his ineffective assistance of trial counsel claim.[4] (ECF No. 4 at 14.)

---

[4] District courts in cases post-*Dixon* in which the petitioner did not file any state habeas petition have considered a petitioner's failure to diligently act after being advised of the exhaustion requirement in determining good cause. *See Stacy*, 2018 WL 1750622, at *3 (finding that the petitioner's failure to file a state habeas petition in the four months after the court advised him that "nothing prevents him from immediately seeking to exhaust his claims in the state supreme court" was not attributable to his lack of understanding of

For all of the reasons stated above, the Court finds that Petitioner has not demonstrated good cause for a stay under *Rhines*.

### 2. Other *Rhines* Factors

Because Petitioner has failed to show good cause for his failure to exhaust, the Court need not consider whether his claims are plainly meritless or whether Petitioner has engaged in abusive litigation tactics. *See Wooten*, 540 F.3d at 1023 (finding that "the district court did not abuse its discretion in concluding that the petitioner did not have 'good cause' for failing to exhaust his cumulative error claim" and "[a]s a result, [the court] need not reach the other two factors in the *Rhines* test").

### 3. Conclusion

For the foregoing reasons, the Court recommends that Petitioner's motion for stay and abeyance be denied.

## B. Stay under *Kelly*

In his motion, Petitioner does not seek a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). However, the withdrawal-and-abeyance procedure, also known as the "*Kelly* procedure," "remains available after *Rhines*," and, unlike *Rhines*, "its availability is not premised upon a showing of good cause." *King*, 564 F.3d at 1135. "Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the

---

the technical requirements of exhaustion); *Williams v. Filson*, No. 2:18-CV-1305 KJN P, 2018 WL 4441103, at *4 (E.D. Cal. Sept. 17, 2018) (finding petitioner was intentionally dilatory and there was no good cause under *Rhines* where petitioner was aware his appellate counsel had not raised certain claims and that he could file a state habeas petition, and his federal form petition advised him that he needed to first exhaust his state court remedies but he did not file any state habeas petition), *adopted by* No. 2:18-CV-1305 KJN P, 2019 WL 1058099 (E.D. Cal. Mar. 6, 2019); *see also Avalos v. Sherman*, No. CV 17-7948-ODW (JPR), 2018 WL 5304855, at *5 (C.D. Cal. Sept. 10, 2018), *adopted by* No. CV 17-7948-ODW (JPR), 2018 WL 5304777 (C.D. Cal. Oct. 24, 2018).

9

petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *Id.* (citing *Kelly*, 315 F.3d at 1070-71).

In step three of the *Kelly* procedure, a petitioner is only allowed to add his newly-exhausted claims back into the federal petition if the claims either are independently timely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") or "relate back" to the exhausted claims in the pending petition. *Id.* at 1140-41. A petitioner timely files an amended petition if it is done within the one-year statute of limitations set forth in AEDPA. *Id.* at 1141; *see also* 28 U.S.C. § 2244(d)(1). A petition filed after the one-year time-period may still be timely if statutory or equitable tolling applies. *See, e.g.*, *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002); *Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001). A new claim "relates back" to an existing claim if the two claims share a "common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). A new claim does not "relate back" to an existing claim simply because it arises from "the same trial, conviction or sentence." *Id.* at 663-64. In addition, "[a]n amended habeas petition does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

Here, it is not apparent that Petitioner is foreclosed from seeking a stay under *Kelly* based on the allegations in the Petition and the present motion. Accordingly, the Court recommends that Petitioner's motion for stay and abeyance be denied without prejudice.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Honorable Michael M. Anello issue an Order: (1) approving and adopting this Report and Recommendation; and (2) **DENYING** Petitioner's motion for stay and abeyance **WITHOUT PREJUDICE**.

///

///

**IT IS ORDERED** that no later than **April 19, 2019**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **May 10, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

Dated: March 25, 2019

Hon. Jill L. Burkhardt
United States Magistrate Judge