UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MICHAEL MORRISON,<br><br>Petitioner,<br><br>v.<br><br>JOE A. LIZARRAGA, Warden, et al.,<br><br>Respondents. | Case No.: 18-cv-01857-MMA (JLB)<br><br>**REPORT AND RECOMMENDATION RE: MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 12]** |

This Report and Recommendation is submitted to the Honorable Michael M. Anello, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(d) of the United States District Court for the Southern District of California.

On August 8, 2018, Petitioner Ryan Michael Morrison ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the "Petition") before this Court pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On August 13, 2018, the Court advised Petitioner that his Claim Two appeared to be unexhausted and gave him options on how to proceed. (ECF No. 2.) Petitioner chose one of the options and, on October 14, 2018, constructively filed a motion for stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (ECF No. 4.) Upon consideration of the motion, the undersigned issued a report recommending that the motion be denied without prejudice. (ECF No. 5.) No objections were filed. On

1

April 26, 2019, the Honorable Michael M. Anello, United States District Judge, adopted the report and recommendation and denied Petitioner's motion for stay and abeyance without prejudice. (ECF No. 7.)

Now before the Court is a motion to dismiss filed by Respondent Joe A. Lizarraga ("Respondent"), Warden of Mule Creek State Prison. (ECF No. 12.) Respondent moves to dismiss the Petition on the grounds that Petitioner has failed to exhaust his state court remedies with respect to all claims in the Petition. (*Id.*) Petitioner filed an opposition in which he renews his request for a stay and abeyance under *Rhines*. (ECF No. 17.)

The Court has carefully considered Respondent's motion, Petitioner's opposition, the Notice of Lodgment (ECF No. 13), as well as the record as a whole. Based thereon, and for the reasons set forth below, the Court **RECOMMENDS** that Respondent's motion to dismiss be **DENIED**, and Petitioner's renewed request for a *Rhines* stay be **GRANTED**.

## I. BACKGROUND

On December 18, 2015, Petitioner was sentenced to twenty-five years to life, plus five years, following conviction in San Diego County Superior Court for first degree burglary of an inhabited dwelling, possession of methamphetamine, and possession of heroin. (ECF No. 1 at 1-2.) Petitioner appealed his conviction to the California Court of Appeal. (*Id.* at 2.) In his appeal, Petitioner raised four claims, including two raised in this Petition: (1) the trial court erred in not dismissing one of his prior strike convictions; and (2) Petitioner's due process rights were violated when he received a sentence after trial which was significantly harsher than his pre-trial offer. (*Id.* at 2, 6-13.) On April 27, 2017, the California Court of Appeal affirmed the judgment. (*Id.* at 2.)

Petitioner then filed a petition for review in the California Supreme Court seeking review of the same issues that he raised before the Court of Appeal. (*Id.*) The California Supreme Court affirmed Petitioner's judgment of guilt on August 9, 2017. (*Id.*) Petitioner did not file a writ of certiorari in the United States Supreme Court. (*Id.* at 3.)

On August 8, 2018, Petitioner filed the present Petition. (ECF No. 1.) In his Petition, Petitioner claims his constitutional rights were violated in the following ways: (1) the trial

court erred in not dismissing one of his prior strike convictions (Claim One); (2) Petitioner's trial counsel was ineffective for failing to provide an adequate expert witness (Claim Two); and (3) Petitioner's due process rights were violated when he received a sentence after trial which was significantly harsher than his pre-trial offer (Claim Three). (*Id.* at 6-13.)

In his Petition, Petitioner alleges exhaustion as to Claims One and Three. (*See id.* at 2, 6, 12.) However, Petitioner does not allege exhaustion as to Claim Two, his ineffective assistance of trial counsel claim. (*See id.* at 9.) Therefore, on August 13, 2018, the Court issued a Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies (the "Notice"), informing Petitioner of several options with respect to his mixed petition. (ECF No. 2.) The Notice informed Petitioner that his Petition was subject to dismissal because it contained unexhausted claims. (*Id.*) On October 14, 2018, Petitioner elected to file a motion for stay and abeyance under *Rhines*. (*See id.* at 4; ECF No. 4.) Respondent had until November 15, 2018 to file a response to Petitioner's motion and did not do so. (*See* ECF No. 2 at 4.)

On March 25, 2019, the undersigned issued a Report and Recommendation regarding Petitioner's motion for stay and abeyance. (ECF No. 5.) After analyzing Petitioner's motion, the Court determined that Petitioner had not demonstrated good cause for a stay under *Rhines*. (*Id.* at 9.) The Court relied on the fact that, despite being on notice, the Court had before it no evidence that Petitioner had filed any state habeas petition with respect to Claim Two. (*See id.* at 5-9.) The Court gave Petitioner until April 19, 2019 to file written objections. (*Id.* at 11.) Petitioner did not file any objections.[1] (*See* ECF No.

---

[1] Petitioner did not file any objections even though on January 31, 2019, Petitioner filed a petition for writ of habeas corpus in San Diego Superior Court, in which he raised Claim Two. (ECF No. 13-11.) The Court was not notified by either party that the state court habeas petition had been filed. The San Diego Superior Court denied the petition on April 16, 2019. (ECF No. 13-12.) There is nothing before the Court suggesting that Petitioner has appealed this denial.

3

13-11.)  On April 26, 2019, Judge Anello adopted the Report and Recommendation and denied Petitioner's motion for stay and abeyance without prejudice.  (ECF No. 7.)

Now before the Court is Respondent's motion to dismiss the Petition on the grounds that Petitioner has failed to exhaust his state court remedies with respect to all claims in the Petition.  (ECF No. 12.)  Petitioner filed an opposition in which he requests reconsideration of the Court's order denying his motion for stay and abeyance pursuant to *Rhines*.  (ECF No. 17.)

## II.  LEGAL STANDARD

Habeas petitioners who wish to challenge either their state court conviction, or the length of their confinement, must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); *see also Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir. 2003).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34; *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999). Federal courts cannot consider petitions that contain both exhausted and unexhausted claims, often referred to as "mixed" petitions.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding a district court must dismiss a federal habeas petition containing both unexhausted and exhausted claims).  The filing of a mixed petition renders it subject to dismissal.  *Id.*

In *Rhines*, the Supreme Court carved out "limited circumstances" in which it is within the district court's discretion to grant a stay of a mixed petition and hold it in abeyance to allow the petitioner to return to state court and present his unexhausted claims. *Rhines*, 544 U.S. at 277; *see also Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014).  A stay and abeyance is appropriate when the petitioner demonstrates "good cause" for his failure to exhaust his claims in state court, where his claims are not plainly meritless, and where he has not engaged in "abusive litigation tactics."  *Dixon v. Baker*, 847 F.3d 714, 720 (9th Cir. 2017) (citing *Rhines*, 544 U.S. at 278); *see also King v. Ryan*, 564 F.3d 1133, 1139 (9th Cir. 2009).

4

"The good cause element is the equitable component of the *Rhines* test. It ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court." *Blake*, 745 F.3d at 982. "The caselaw concerning what constitutes 'good cause' under *Rhines* has not been developed in great detail." *Dixon*, 847 F.3d at 720; *see also Blake* 745 F.3d at 980 ("There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust."). Good cause under *Rhines* does not require a showing of "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). However, a "bald assertion" of facts "cannot amount to a showing of good cause." *Blake*, 745 F.3d at 982. "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust]." *Id.* (citation and footnote omitted). The Ninth Circuit has instructed courts to "interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'" *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (citing *Jackson*, 425 F.3d at 661).

As to the second prong, "[i]n determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" *Dixon*, 847 F.3d at 722 (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." *Id.* (quoting *Cassett*, 406 F.3d at 624).

**III. DISCUSSION**

Respondent moves to dismiss the Petition on the grounds that Petitioner has failed to exhaust his state court remedies with respect to all claims in the Petition. (ECF No. 12.) Respondent requests that the Court dismiss the Petition, unless Petitioner elects to delete his unexhausted claim, Claim Two. (*Id.* at 19.) In his opposition, Petitioner renews his request for a stay and abeyance under *Rhines*. (ECF No. 17 at 22-23.)

### A. Good Cause under *Rhines*

In renewing his request for a stay under *Rhines*, Petitioner contends that "he can establish good cause for a stay." (*Id.* at 22.) Petitioner does not articulate his grounds for good cause. Rather, the majority of Petitioner's opposition discusses the Superior Court's denial of his state habeas petition and addresses what Petitioner needs to do in order to establish a prima facie case for relief in state court. (*See* ECF No. 17 at 5-16.) Petitioner explains that he plans on filing a new state habeas petition with new evidence. (*Id.* at 10-11, 16.) Petitioner does not address, however, why it took Petitioner nearly a year and a half to file his first state habeas petition.[2]

The Court previously held that Petitioner had not established good cause for a stay under *Rhines*. (ECF Nos. 5, 7.) The most significant development that has occurred since the Court conducted that analysis is that Petitioner has now established that he filed a state habeas petition on January 31, 2019. This is significant to the Court's analysis. *See Williams v. Filson*, No. 2:18-CV-1305 KJN P, 2018 WL 4441103, at *3 (E.D. Cal. Sept. 17, 2018) (noting that although a prisoner who appears *pro se* in state postconviction proceedings has good cause for failure to exhaust under *Dixon*, "*Dixon* does not apply and good cause is lacking when a *pro se* prisoner has not filed *any* state habeas petitions, particularly when there is evidence that the prisoner has not been expeditious in seeking relief") (emphasis added), *adopted by* 2019 WL 1058099 (E.D. Cal. Mar. 6, 2019). In *Dixon*, the Ninth Circuit held that a petitioner can show good cause for failure to exhaust an ineffective assistance of trial counsel claim by asserting that he was without counsel in

---

[2] Petitioner states that he has "been hampered by the interference of government actors in the destruction of his trial court records." (ECF No. 17 at 12-13.) Petitioner indicates that the trial record was "destroyed during a search by correctional officers." (*Id.* at 9.) However, Petitioner does not indicate when this search and destruction occurred. In context, it appears this search and destruction occurred after he filed his state habeas petition in January 2019. Indeed, Petitioner did not indicate any destruction of records in his motion for stay and abeyance filed in October 2018. (*See* ECF No. 4.)

18-cv-01857-MMA (JLB)

his state post-conviction case. *Dixon*, 847 F.3d at 721. The Ninth Circuit further held that a petitioner proceeding *pro se* in such state post-conviction proceedings, as is the case here, need not come forward with additional evidence over and above the fact that he lacked counsel. *Id.*

As Petitioner is *now* pursuing his unexhausted Claim Two for ineffective assistance of trial counsel in state post-conviction proceedings *without counsel*, the Court finds that Petitioner has established good cause for a *Rhines* stay under *Dixon*. (*See* ECF No. 13-11.) Accordingly, the Court turns to the next two elements of the test – claim plausibility and the absence of abusive tactics – to "weed out plainly meritless claims" and to ensure that a dilatory litigant's failure to exhaust is not condoned. *See Dixon*, 847 F.3d at 722.

### B. "Plainly Meritless" under *Rhines*

A federal habeas petitioner must establish that at least one of his unexhausted claims is not "plainly meritless" in order to obtain a stay under *Rhines*. *Dixon*, 847 F.3d at 722 (citing *Rhines*, 544 U.S. at 277). In Claim Two, Petitioner claims that his trial counsel was ineffective for "using an inexperienced, unlicensed expert witness." (ECF No. 1 at 10.) Petitioner contends that he was suffering a "drug induced psychosis" during the burglary and that a video shown to the jury displayed his "bizarre behavior." (*Id.*) Petitioner claims that his trial counsel should have found a "licensed professional in the field of psychology specializing in mental capacity to explain to the jury just what a person high on drugs is capable of considering to be right from wrong" in order to show that Petitioner did not have the requisite intent to commit the burglary. (*Id.*) Instead of doing so, Petitioner claims that his trial counsel "used an unlicensed, nonprofessional witness to explain diminished capacity during a drug induced psychotic episode" and that a "witness of this caliber does not hold much weight for a jury." (*Id.*) Petitioner claims that his trial counsel's failure to do so caused Petitioner prejudice "by allowing a harsher sentence of first degree instead of second degree burglary." (*Id.*) Petitioner claims a jury determination of second degree burglary "would have eliminated a strike and therefore eliminated [Petitioner's] life sentence." (*Id.*)

7

Claims of ineffective assistance of counsel are examined under *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffectiveness of counsel, Petitioner must establish two factors. First, he must establish that counsel's performance was deficient, *i.e.*, that it "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Strickland*, 466 U.S. at 690). Second, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112 (citing *Strickland*, 466 U.S. at 693).

The Court finds that Petitioner's Claim Two is not plainly meritless. *See Hernandez v. Chappell*, 923 F.3d 544, 550 (9th Cir. 2019) (finding that counsel's "failure to investigate and present a diminished capacity defense based on mental illness was unreasonable" and therefore his assistance was constitutionally deficient); *Lynch v. Baughman*, No. CV 18-3020-DOC (AGR), 2019 WL 4454509, at *2 (C.D. Cal. Aug. 6, 2019) (citing *Hernandez*, 923 F.3d at 550) (finding that the petitioner's claim that his attorney failed to investigate and prepare a mental state defense is not plainly meritless for purposes of a *Rhines* stay), *adopted by* 2019 WL 4447953 (C.D. Cal. Sept. 16, 2019). At this stage, Petitioner does not need to conclusively prove ineffective assistance and Respondent does not contend that the claim is plainly meritless. Accordingly, the Court will turn to the next element of the test.

### C. Intentionally Dilatory Litigation Tactics under *Rhines*

A petitioner seeking a stay and abeyance must show he has not been engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78. Here, as noted in the Court's prior Report and Recommendation, Petitioner was represented on direct appeal and "received the records from his direct appeal in early September 2017," which was

approximately one month after the California Supreme Court affirmed Petitioner's judgment of guilt on August 9, 2017. (*See* ECF Nos. 1 at 2, 14; 4 at 7.) Petitioner did not raise his ineffective assistance of trial counsel claim on direct appeal because his appellate counsel informed him that it "was better left to a habeas . . . instead of the appeal." (ECF No. 1 at 3-5.)

However, despite being so informed by appellate counsel, Petitioner did not file a state habeas petition for nearly eighteen months after the California Supreme Court's decision. Petitioner waited despite being on notice of the requirement to exhaust as early as August 4, 2018 when he signed his federal Petition. The federal form petition utilized and signed by Petitioner advised him of the requirement that "[i]n order to proceed in federal court you must ordinarily first exhaust your state court remedies by presenting your claims to the California Supreme Court." (*Id.* at 5.) The petition further advised Petitioner that "[e]ven if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* grounds to the California Supreme Court before raising them in your federal Petition." (*Id.* (emphasis in original).) Shortly thereafter, on August 13, 2018, the Court unambiguously advised Petitioner of the exhaustion requirement by sending him the Notice regarding possible dismissal of his Petition for failure to exhaust state court remedies. (ECF No. 2.) Two months later, on October 14, 2018, Petitioner moved for a stay and abeyance, arguing good cause for a stay, but he still had not filed a state habeas petition. (ECF No. 4.) Petitioner did not file a state habeas petition for nearly four more months. (*See* ECF No. 13-11.)

On this record, the Court has concerns about Petitioner's diligence and unexplained delay in exhausting Claim Two. *See, e.g., Williams*, 2018 WL 4441103, at *3 (finding that the petitioner was dilatory where the record demonstrates the petitioner was aware of the need and had the ability to file a habeas petition in state court, but did not file any state habeas petitions for over a year after his direct appeal was denied); *Foster v. Sexton*, No. CV 17-7963-JEM, 2019 WL 3766555, at *13 (C.D. Cal. Aug. 9, 2019) (finding the petitioner intentionally engaged in dilatory tactics where the petitioner failed to move his

new claims toward resolution or litigate them in any manner for almost two years, did not raise them until his traverse in federal court, and failed to allege them in more than cursory terms).

However, for the reasons set forth below, the Court cannot find that Petitioner was intentionally dilatory such that he should not be able to proceed on his ineffective assistance of trial counsel claim in federal court. First, as the Supreme Court recognized in *Martinez v. Ryan*, 566 U.S. 1 (2012), "[w]ithout the help of an adequate attorney, a prisoner will have . . . difficulties vindicating a substantial ineffective-assistance-of-trial-counsel claim" because they "often require investigative work and an understanding of trial strategy." *Id.* at 11. Moreover, "[w]hen the issue cannot be raised on direct review, . . . a prisoner asserting an ineffective-assistance-of-trial-counsel claim in an initial-review collateral proceeding cannot rely on a court opinion or the prior work of an attorney addressing that claim." *Id.* at 11-12. Second, the Supreme Court in *Rhines* was concerned with situations where a petitioner does not "have an incentive to obtain federal relief as quickly as possible." *Rhines*, 544 U.S. at 277. For example, "capital petitioners might deliberately engage in dilatory tactics to prolong incarceration and avoid execution of the sentence of death." *Id.* at 277-78. Petitioner had no such apparent motivations here. Therefore, the Court declines to construe Petitioner's failure to promptly file a state habeas petition as an intentionally dilatory litigation tactic.

For the foregoing reasons, the Court recommends that Respondent's motion to dismiss be **DENIED** and Petitioner's renewed request for a *Rhines* stay be granted.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Honorable Michael M. Anello issue an Order: (1) approving and adopting this Report and Recommendation; (2) **DENYING** Respondent's motion to dismiss and granting Petitioner's renewed request for a stay and abeyance under *Rhines*.

**IT IS ORDERED** that no later than **January 20, 2020**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 3, 2020**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

Dated: December 23, 2019

Hon. Jill L. Burkhardt
United States Magistrate Judge