UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MICHAEL MORRISON,<br><br>                                    Petitioner,<br><br>v.<br><br>WARDEN JOE A. LIZARRAGA, et al.,<br><br>                                    Respondents. | Case No.:  18-cv-01857-MMA (JLB)<br><br>**ORDER SETTING BRIEFING SCHEDULE** |

On August 8, 2018, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  On October 17, 2018, Petitioner filed a motion for stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  (ECF No. 4.)  On April 26, 2019, the Honorable Michael M. Anello denied Petitioner's motion for stay and abeyance without prejudice.  (ECF No. 7.)

On August 6, 2019, Respondent filed a motion to dismiss the Petition on the grounds that Petitioner had failed to exhaust his state court remedies with respect to all claims in the Petition.  (ECF No. 12.)  Petitioner filed an opposition in which he renewed his request for a stay and abeyance under *Rhines*.  (ECF No. 17.)  On February 5, 2020, Judge Anello denied Respondent's motion to dismiss and granted Petitioner's renewed request for a stay and abeyance.  (ECF No. 19.)  The case was thereafter stayed pending exhaustion of

Petitioner's second claim for ineffective assistance of trial counsel.  (*Id.* at 2.)  Petitioner was required to file, within 30 days of a final decision by the California Supreme Court, a motion requesting that the stay be lifted and that leave to file a First Amended Petition pursuant to 28 U.S.C. § 2254 be granted.  (*Id.* at 3.)  Petitioner was also required to include a proposed First Amended Petition with that filing.  (*Id.*)

According to Petitioner's March 19, 2021 status report, the California Supreme Court issued its decision denying his habeas corpus petition on February 17, 2021.  (*See* ECF No. 22.)  On or about March 22, 2021, Petitioner filed a motion to lift the stay and for leave to file a First Amended Petition.  (ECF No. 23.)  On March 24, 2021, Judge Anello granted that motion, lifted the stay, and ordered that Petitioner's First Amended Petition be filed as of March 24, 2021.  (ECF No. 24.)

Accordingly, in accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, **IT IS ORDERED** that:

1.    If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **May 28, 2021**.  The motion to dismiss shall not address the merits of Petitioner's claims, but rather shall be confined to the basis for Respondent's contention that dismissal without reaching the merits of Petitioner's claims is warranted.  At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records bearing on Respondent's contention in this regard.  A hearing date is <u>not</u> required for the motion to dismiss.

2.    If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **June 28, 2021**.  At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which

Petitioner believes may be relevant to the Court's determination of the motion.

3. Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

4. If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the Petition pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **May 28, 2021**. At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned "Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

5. Petitioner may file a traverse to matters raised in the answer no later than **June 28, 2021**. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown.

6. A request by a party for an extension of time within which to file any of the pleadings required by this Order shall be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

7. Unless otherwise ordered by the Court, this case will be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

18-cv-01857-MMA (JLB)

8.    Every document delivered to the Court shall include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel).  Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

9.    Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address.  If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

Dated:  March 26, 2021

Hon. Jill L. Burkhardt
United States Magistrate Judge

18-cv-01857-MMA (JLB)